**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| **BUKOLA OLOWE,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No. RWT 15-cv-03515 |
| | * | |
| **CARRIE M. WARD,** *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

**<u>MEMORANDUM OPINION</u>**

Plaintiff Bukola Olowe filed this pro se action in the Circuit Court for Prince George's County on September 21, 2015 against Defendants Carrie M. Ward, Howard N. Bierman, and Jacob Geesing as substitute trustees (collectively, "Substitute Trustees"); Wells Fargo Bank, N.A. ("Wells Fargo"); and U.S. Bank, N.A. ("U.S. Bank"). ECF No. 2. Olowe alleges fraud, mortgage fraud, violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, violations of the Maryland Consumer Debt Collection Act § 14-201, *et seq.*, intentional infliction of emotional distress, and slander of title. *See id.* The Defendants removed the action to this Court on November 19, 2015. ECF No. 1. Motions to dismiss have been filed by Defendants Wells Fargo, U.S. Bank, and Substitute Trustees. ECF Nos. 2, 8, 9. The issues have been fully briefed, and no hearing is necessary. Local Rule 105.6. For the following reasons, Defendants' motions to dismiss will be granted.

I.    BACKGROUND FACTS AND PROCEDURAL HISTORY

On March 17, 2006, Olowe entered into a mortgage loan for the property located at 6109 Landover Road, Cheverly, Maryland. *See* ECF Nos. 2-1, 2-2. Olowe signed an adjustable

1

rate note and a purchase money deed of trust for the $311,200 loan.[1]  *See id.*  On August 2, 2011, Olowe defaulted on her obligations under the note.  ECF No. 8-1, at 12 ¶ 4.  Carrie M. Ward, Howard N. Bierman, and Jacob Geesing were appointed as substitute trustees.  ECF No. 2, at 4 ¶ 14.  On February 11, 2013, the Substitute Trustees filed an order to docket foreclosure against the Property in the Circuit Court pursuant to Md. Rule 14-207 and Maryland Real Property Article § 7-105.1.[2]  ECF No. 8-1, at 1-2; ECF No. 8-3, at 1 (Dkt. 001). A copy of the note and the allonge to the note, both of which were attached to the Order to Docket Foreclosure, reflect several indorsements transferring ownership of the note.  ECF 2-1, at 4, 6.

On October 22, 2013, Olowe filed a Chapter 13 Voluntary Petition in the United States Bankruptcy Court for the District of Maryland; however, the bankruptcy stay was lifted on March 26, 2014.  *See* ECF No. 8-3, at 2 (Dkts. 007, 008).[3]  U.S. Bank purchased the property at a foreclosure sale on August 5, 2014.  ECF No. 2, at 5 ¶ 16.  The Substitute Trustees filed a Report of Sale Package in the foreclosure proceeding on August 27, 2014.  ECF No. 8-2, at 2 (Dkt. 009). Olowe contested the Report of Sale Package by filing a Motion to Strike False and Inaccurate Report.  ECF No. 2, at 5 ¶ 17; ECF No. 8-2, at 2 (Dkt. 011).  On December 31, 2014 the Circuit Court denied Olowe's Motion to Strike. ECF No. 8-2, at 2 (Dkt. 015).

The Circuit Court for Prince George's County ratified the foreclosure sale on February 26, 2015, and the auditor's report on May 11, 2015.  ECF No. 8-2, at 2-3 (Dkts. 016, 019).  The Substitute Trustees moved for possession of the Property on September 4, 2015.  ECF No. 8-2, at 3 (Dkt. 020).  On October 1, 2015, Olowe filed an

---

[1] Plaintiff's Complaint stems from the allegedly improper transfer of the loan.  At the time of the foreclosure sale, the note was held by Wells Fargo as servicing agent for U.S. Bank.  ECF No. 2-1, at 9.
[2] Rule 14-207(a)(1) provides, in pertinent part, "An action to foreclose a lien pursuant to a power of sale shall be commenced by filing an order to docket."  Maryland Real Property Article § 7-105.1(e) provides documents required to be included in filing an order to docket.
[3] Two additional bankruptcy filings were also dismissed. ECF No. 8-1, at 3-4.

Opposition to the Motion for Judgment Awarding Possession and Motion to Vacate Ratification of Sale, which the Circuit Court denied, awarding possession of the property to U.S. Bank. *Id.* (Dkts. 023, 026).

The Plaintiff filed this Complaint in the Circuit Court on September 21, 2015. ECF No. 8-1, at 5. Plaintiff alleges six counts in her Complaint. *See* ECF No. 2. Each of the six counts in the Complaint stem from the state foreclosure action and the alleged improper transfer of the loan. Plaintiff asserts that due to the improper transfer, the Defendants lacked standing to foreclose on the property and fraudulently concealed this fact. The Plaintiff seeks monetary damages and cancelation of the foreclosure proceedings. *See id.* at 35–36.

II.     STANDARD OF REVIEW

In a ruling on a motion to dismiss, the Plaintiff's well-pleaded allegations are accepted as true and the Complaint is viewed in the light most favorable to the Plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'" *E.E.O.C. v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555).

A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a

district court may not rewrite a complaint in order for it to survive a motion to dismiss. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

III.   ANALYSIS

1. *Rooker-Feldman*

As a preliminary matter, this Court lacks subject matter jurisdiction to hear this suit under the *Rooker-Feldman*[4] doctrine. "The *Rooker–Feldman* doctrine is a jurisdictional rule providing that lower federal courts generally cannot review state court decisions." *Holliday Amusement Co. of Charleston v. State of S. Carolina*, 401 F.3d 534, 537 (4th Cir. 2005).[5] This is true whether the claims have been "actually decided" in state court or are "inextricably intertwined" with a state court decision. *See Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000). "A federal claim is considered to be 'inextricably intertwined' with a state court judgment when 'the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" *Holliday Amusement Co.*, 401 F.3d at 437 (quoting *Allstate Ins. Co. v. W. Va. State Bar*, 233 F.3d 813, 819 (4th Cir. 2000)). In either case, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994).

"Courts have consistently applied the *Rooker–Feldman* doctrine to dismiss claims requesting federal district court review of a state court's eviction and foreclosure proceedings." *Sanders v. Cohn, Goldberg & Deutsch, LLC*, No. CV DKC 15-1571, 2016 WL 223040, at *4

---

[4] So named after *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923).
[5] Although the Defendants mention the *Rooker-Feldman* doctrine in a footnote, they did not develop this argument. EFC No. 8-1, at 8 n.4. Because the *Rooker–Feldman* doctrine is jurisdictional, this Court is free to raise it *sua sponte*. *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n.5 (4th Cir. 1997).

(D. Md. Jan. 19, 2016) (internal quotations and citations omitted); *see id.* (listing cases). Here, the Plaintiff has already challenged the foreclosure and sale in state court and is once again attempting to challenge the state court's judgments. *See* ECF 8-2. Any adjudication of the current claims would require review of the state court's determinations throughout the foreclosure proceedings. *See Sanders*, No. CV DKC 15-1571, 2016 WL 223040, at *5 (internal citations omitted). Such a review is within the purview of the state appellate court, but not this Court. *See Brown*, 211 F.3d at 198–99. Thus, this Court lacks subject matter jurisdiction over Plaintiff's Complaint and must dismiss the action.

   *2. Res Judicata*

   "[T]he *Rooker-Feldman* doctrine bars federal actions 'complaining of injuries caused by state-court judgments' themselves, [b]ut it does not apply to federal actions that are concurrent state court actions, and which originate from the same alleged injuries that occurred outside of the judicial process." *Roberts v. Thrasher*, No. CIV.A. ELH-15-1906, 2015 WL 4485477, at *2 (D. Md. July 20, 2015) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). To the extent the Plaintiff's claims are not already barred by the *Rooker-Feldman* doctrine, "[i]t is well established that the doctrine of *res judicata* bars the relitigation of matters previously litigated between parties and their privies, as well as those claims that *could have been asserted and litigated in the original suit*." *Anyanwutaku v. Fleet Mortgage Grp., Inc.*, 85 F. Supp. 2d 566, 570 (D. Md.) *aff'd*, 229 F.3d 1141 (4th Cir. 2000) (emphasis added).

   Because the original suit was brought in state court, Maryland principles of *res judicata* apply. *See Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000). "The elements of res judicata under federal law are analogous to those under Maryland law: (1) identical parties, or parties in

privity, in the two actions; (2) the claim in the second matter is based upon the same cause of action involved in the earlier proceeding; and, (3) a prior and final judgment on the merits, rendered by a court of competent jurisdiction in accordance with due process requirements." *Anne Arundel Cty. Bd. of Educ. v. Norville*, 390 Md. 93, 108, 887 A.2d 1029, 1037–38 (2005).

All three prongs are satisfied here.  First, the parties are identical.  Second, all of the Plaintiff's claims are derived from the foreclosure action and subsequent repossession of the property.  They are thus part of the same claim.  *See Norville*, 390 Md. 93, 108, 887 A.2d at 1038 ("[I]f the two claims or theories are based upon the same set of facts and one would expect them to be tried together ordinarily, then a party must bring them simultaneously.").  Third and finally, there was a final judgment on the merits in the prior litigation, despite the Plaintiff actively opposing the foreclosure for almost a year.

IV.   CONCLUSION

The *Rooker-Feldman* doctrine divests this Court of jurisdiction and *res judicata* bars the Plaintiff's claims.[6]  Therefore, the Motions to Dismiss shall be granted.  A separate Order follows.

Date: April 5, 2016                                                  /s/
                                                                                ROGER W. TITUS
                                                                                UNITED STATES DISTRICT JUDGE

---

[6] Even if the Court considered this case on the merits, a cursory review of the Complaint reveals significant deficiencies, including but not limited to the inadequacy of the allegations of fraud that permeate the majority of the claims. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *see also, e.g., Levine v. JPMorgan Chase Bank, N.A.*, No. RWT 13-CV-2639, 2014 WL 4628554, at *3 (D. Md. Sept. 12, 2014) ("The general, conclusory denial of [a signature's] validity, without any allegation of facts to support that denial, is plainly insufficient to survive a motion to dismiss.").